JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Mary Plank

## DEFENDANTS
The Devereux Foundation, The Devereux Foundation Long Term Disability Plan and Aetna Life Insurance Company

**(b)** County of Residence of First Listed Plaintiff   Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
John J. Stanzione - Lamb McErlane PC - (610) 430-8000
24 E. Market Street - PO Box 565
West Chester, PA  19381-0565

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☒ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. Section 1132(a)(1)(b)

Brief description of cause:
Violation of the Employee Retirement Income Security Act of 1974

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE  12/11/13
SIGNATURE OF ATTORNEY OF RECORD   [signature]

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| MARY PLANK | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE DEVEREUX FOUNDATION, | : | NO. |
| THE DEVEREUX FOUNDATION | : | |
| LONG TERM DISABILITY | : | |
| PLAN, and AETNA INSURANCE CO. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (x)

| 12/12/13 | John J. Stanzione | Mary Plank |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-430-8000 | 610-692-0877 | jstanzione@lambmcerlane.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 100 Linda Circle, Downingtown, PA 19335

Address of Defendant: 2012 Renaissance Blvd., King of Prussia, PA 19406

Place of Accident, Incident or Transaction: 2012 Renaissance Blvd., King of Prussia, PA 19406
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes○ No☒

Does this case involve multidistrict litigation possibilities? Yes○ No☒
RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes○ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes○ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes○ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes○ No☒

CIVIL: PLACE CHECK IN ONLY ONE BOX
A. Federal Question Cases:
1. o Indemnity Contract, Marine Contract, and All Other Contracts
2. o FELA
3. o Jones Act-Personal Injury
4. o Antitrust
5. o Patent
6. o Labor-Management Relations
7. o Civil Rights
8. o Habeas Corpus
9. o Securities Act(s) Cases
10. o Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) ERISA Claim

B. Diversity Jurisdiction Cases:
1. o Insurance Contract and Other Contracts
2. o Airplane Personal Injury
3. o Assault, Defamation
4. o Marine Personal Injury
5. o Motor Vehicle Personal Injury
6. o Other Personal Injury (Please specify)
7. o Products Liability
8. o Products Liability — Asbestos
9. o All other Diversity Cases
(Please specify) _____

ARBITRATION CERTIFICATION
(Check Appropriate Category)
I, John J. Stanzione, counsel of record do hereby certify:
o Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☒ Relief other than monetary damages is sought.

DATE: 12/11/13    _____ Attorney-at-Law    41175 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/11/13    _____ Attorney-at-Law    41175 Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY PLANK<br>100 Linda Circle<br>Downingtown, PA 19335<br>　　　　Plaintiff | : <br> : <br> : <br> : <br> : | CIVIL ACTION - LAW |
| v. | : <br> : | No. |
| THE DEVEREUX FOUNDATION<br>2012 Renaissance Blvd<br>King of Prussia, PA 19406 | : <br> : <br> : <br> : | |
| and | : <br> : | |
| THE DEVEREUX FOUNDATION<br>LONG TERM DISABILITY PLAN<br>2012 Renaissance Blvd<br>King of Prussia, PA 19406 | : <br> : <br> : <br> : <br> : | |
| and | : <br> : | |
| AETNA LIFE INSURANCE CO.<br>151 Farmington Avenue<br>Hartford, CT 06156<br>　　　　Defendants | : <br> : <br> : <br> : | |

## COMPLAINT

### PARTIES

1.　Plaintiff, Mary Plank, is an adult individual and citizen of Pennsylvania and currently resides at 100 Linda Circle, Downingtown, PA 19335.

2.　Defendant, The Devereux Foundation (herein "Devereux"), is a non-profit corporation duly organized and existing under the laws of the Commonwealth of

Pennsylvania with a principal place of business at 2012 Renaissance Blvd., King of Prussia, PA 19406.

3. Defendant, The Devereux Foundation Long Term Disability Plan (herein "The Plan") is an ERISA qualified disability plan providing long term disability benefits to qualified employees of Devereux. At all times relevant hereto, Plaintiff was employed by Devereux and covered by The Plan. Devereux has indicated that it is the Plan Administrator for The Plan and that The Plan is administered at Devereux's offices at 2012 Renaissance Blvd., King of Prussia, PA 19406.

4. Aetna Life Insurance Company (herein "Aetna") is a corporation organized and existing under the laws of the state of Connecticut but doing business within, and having sufficient contacts with, the Commonwealth of Pennsylvania. Plaintiff believes, and therefore avers, that Aetna administers and underwrites The Plan and pays all benefits to qualified employees under The Plan. Aetna has its principal place of business at 151 Farmington Avenue, Hartford, CT 06156.

## JURISDICTION AND VENUE

5. This is a Complaint alleging violation of Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 (herein "ERISA"), 29 U.S.C. §1132(a)(1)(B). This Court has original subject matter jurisdiction of this case under 29 U.S.C. §1132 (e).

2

6. Venue is proper in the Eastern District of Pennsylvania by virtue of Title 28 U.S.C §§ 1391 (b) and (c) because Plaintiff, Mary Plank, and Defendants, Devereux and Devereux Long Term Disability Plan reside in the Eastern District of Pennsylvania. Further, all acts complained of were committed within the Eastern District of Pennsylvania.

## FACTUAL BACKGROUND

7. Plaintiff was hired by Devereux on February 1, 1993.

8. In or about November, 2005, Plaintiff was promoted to Director of Food Services (herein "Director") for Devereux's Beneto Center.

9. In the position of Director, Plaintiff supervised approximately thirty (30) food service workers at four (4) different campuses of Devereux. Plaintiff worked approximately fifty (50) hours per week performing her supervisory tasks and also performing the physical duties required of a food service worker when necessary.

10. As Director, Plaintiff was required to "fill in" for absent food service workers or at understaffed campuses and, in doing so, would perform the duties of a food service worker. This required Plaintiff to lift and carry items which weighed up to fifty (50) pounds.

11. As Director, Plaintiff was required to stand and walk in excess of six (6) hours a day and was required to carry objects that weighed in excess of twenty (20) pounds.

12. Aetna was aware that Plaintiff performed the physical activities noted above. Such information was recorded by Aetna in the notes of Sharon Boswell dated December 23, 2011 and March 12, 2012.

13. On July 12, 2007, the Plaintiff was no longer able to perform her job duties with Devereux due to various medical injuries and conditions from which Plaintiff suffered.

14. On July 12, 2007, Plaintiff stopped working for Devereux

15. In or about August, 2007, Plaintiff applied for long-term disability benefits (herein "LTD benefits") pursuant to The Plan.

16. At the time Plaintiff applied for LTD benefits, Plaintiff was suffering from several serious medical conditions including, but not limited to, chronic pain in the cervical area with radiation into the shoulder, chronic back pain, severe anxiety, and severe psychological distress.

17. At the time of Plaintiff's application for LTD benefits under The Plan, Plaintiff was treating for these conditions with various medical providers including the psychologist, Dr. Janet Belitsky, and a specialist in pain management, Dr. Jeffrey Friedman.

18. At the time of Plaintiff's application for LTD benefits, The Plan provided LTD benefits to qualified employees of Devereux as follows:

4

      a.    if, during the first sixty (60) months of such disability, the employee is not able, solely because of injury or disease, to perform the material duties of such employee's own occupation…; and

      b.    after the first sixty (60) months of disability, if the employee is unable, solely because of injury or disease, to work at any reasonable occupation.

19.    Plaintiff was approved for LTD benefits by the Defendants retroactive to November 10, 2007.

20.    Plaintiff continued to receive full salary pursuant to Devereux's Sick Leave and Short Term Disability Policies until March 15, 2008 and a credit was taken against the LTD benefits owed from November 10, 2007 up through March 15, 2008.  As of March 16, 2008, Plaintiff began receiving $2,855.11 per month in LTD benefits representing sixty percent (60%) of her monthly income as Director.

21.    As a condition of Plaintiff's approval of LTD benefits, Plaintiff was required under The Plan to apply for Social Security Disability benefits (herein "SSD benefits").

22.    Plaintiff, with the assistance of the Defendants, applied for SSD benefits on or about April, 2008.

23.    In July 2008, the Social Security Administration approved of Plaintiff's application for SSD benefits and awarded Plaintiff SSD benefits in the amount of $1,357 per month retroactive to January 1, 2008.

24. In rendering its Determination that Plaintiff was entitled to SSD benefits, The Social Security Administration found that Plaintiff was disabled from any and all gainful employment as of July 12, 2007.

25. As a result of the Social Security Administration's determination, Plaintiff's LTD benefits were reduced by the Defendants to $1498.11 per month retroactive to January 1, 2008.

26. By letter dated June 5, 2012 (herein "Termination Letter"), Plaintiff was advised by Aetna that she was no longer entitled to LTD benefits after June 5, 2012 because Plaintiff was not totally disabled from performing her own occupation as defined by The Plan.

27. In terminating Plaintiff's LTD benefits, Aetna determined that the position of Director of Food Services was a "light duty" job as defined by the Dictionary of Occupational Titles (herein "DOT").

28. The letter that Aetna sent to Plaintiff terminating Plaintiff's LTD benefits stated the following:

> "Our Vocational Rehabilitation department evaluated the job description provided by your employer, Devereux, and was able to verify that your occupational requirements as a Food Service Manager for Devereux fell within the light, full time occupation definition. In addition, it was also determined that there was a viable labor market for your functional work capacity in your geographical area, which verified that your occupation under the Dictionary of Occupational Titles (DOT) definition is light".

LAW OFFICES OF LAMB McERLANE PC • 24 EAST MARKET STREET • BOX 565 • WEST CHESTER, PA. 19381-0565

29. In terminating Plaintiff's LTD benefits, Aetna determined that the medical evidence Aetna reviewed established that Plaintiff was capable of performing physical activities which met the definition of "light duty".

30. In making the determination that Plaintiff could perform light duty work, Aetna rejected two (2) reports from Plaintiff's treating physician, Dr. Jeffrey Friedman, who indicated that Plaintiff could not perform extended work in a light duty capacity and that Plaintiff's prognosis for return to any type of work was "poor".

31. In terminating the Plaintiff's LTD benefits, Aetna relied upon the Independent Medical Examination of Dr. Michael Rosenthal who specializes in physical medicine and rehabilitation.

32. In his report of May 3, 2012, Dr. Rosenthal noted that as Director of Food Services for Devereux, Plaintiff had both "directorial and direct kitchen (physical) responsibilities".

33. In his report of May 3, 2012, Dr. Rosenthal noted that Plaintiff had neck pain, bilateral hip pain that increases when she walks on uneven surfaces, hand pain, and hand tingling. Dr. Rosenthal diagnosed Plaintiff with chronic neck pain, muscle spasm, myofascial pain syndrome, cervical spondylosis, left carpal tunnel syndrome, status post right carpal tunnel syndrome and chronic bi-lateral hip tendinopathy.

34. In his report of May 3, 2012, Dr. Rosenthal noted that Plaintiff was treating with the psychologist Dr. Janet Belitsky for pain management and with the psychiatrist, Dr. Huang, for depression and anxiety.

35. Despite having knowledge that Plaintiff had been diagnosed with depression in addition to her physical injuries, Aetna never had Plaintiff examined by a licensed psychologist or psychiatrist nor did Aetna have Plaintiff's medical records reviewed by such medical specialists.

36. Plaintiff's LTD benefits ended as of June 5, 2012.

37. By letter dated June 13, 2012, Plaintiff's treating psychologist, Dr. Janet Belitsky, informed Aetna that in addition to her physical injuries, Plaintiff has experienced "intractable depression evidenced in feelings of sadness and emptiness, tearfulness, anhedonia, disturbed sleep, marked fatigue and loss of energy on a daily basis, feelings of worthlessness and inappropriate guilt, diminished ability to concentrate and make decisions, and recurrent thoughts of death as well as suicidal ideation without a specific plan". Dr. Belitsky advised Aetna that Plaintiff was "disabled from returning to Devereux Foundation in any gainful capacity".

38. On July 6, 2012, Plaintiff filed a timely appeal of Aetna's decision terminating her LTD benefits in compliance with The Plan.

39. On October 2, 2012, Aetna denied Plaintiff's appeal. In its denial, Aetna again indicated that Plaintiff was capable of "performing the material duties of her own

8

occupation of Food Service Director, which is classified as a light physical demand level".

40. In the denial of Plaintiff's appeal, Aetna again acknowledged Plaintiff's diagnosis of depression.

41. During the pendency of the appeal, Aetna never had Plaintiff examined by a licensed psychologist or psychiatrist nor did Aetna have Plaintiff's medical records reviewed by such medical specialists.

42. On at least two occasions prior to June 5, 2012, Aetna had determined that Plaintiff's job as Food Service Director was classified as a medium duty job.

43. By letter addressed to Dr. Jeffrey Friedman dated December 19, 2011, Aetna advised Dr. Friedman that Plaintiff's position was classified as a "medium occupation".

44. By letter addressed to Dr. Jahangir Maleki dated January 27, 2012, Aetna advised Dr. Jahangir that Plaintiff's position was classified as a "medium occupation".

## COUNT I

## PLAINTIFF v. ALL DEFENDANTS

## ERISA CLAIM

45. Plaintiff incorporates each and every paragraph noted above as though the same were set forth fully herein.

46. Plaintiff was not able to perform the job duties of her own occupation of Director of Food Services for Devereux as of June 6, 2012 and has remained unable to perform such job duties.

47. Pursuant to The Plan, Plaintiff was entitled to LTD benefits as of June 6, 2012 due to her inability to perform the duties of Director.

48. Defendant Devereux is listed as the Plan Administrator of the Devereux Long Term Disability Plan.

49. Plaintiff believes, and therefore avers, that Devereux has assigned its rights and obligations to administer The Plan to the Defendant, Aetna.

50. Aetna as both The Plan administrator and payor had financial incentive to terminate or deny Plaintiff's disability claim.

51. Aetna and The Plan terminated Plaintiff's LTD benefits without substantial evidence to support such termination.

52. Aetna and The Plan ignored substantial medical evidence supporting Plaintiff's disability when it terminated Plaintiff's benefits as of June 5, 2012.

53. Aetna and The Plan terminated Plaintiff's benefits without any evidence from a psychologist or psychiatrist that refuted the evidence presented by Plaintiff's treating psychologist. Plaintiff's psychologist, Dr. Belitsky, indicated that Plaintiff was suffering from severe psychiatric and psychological conditions, in addition to her physical injuries, which precluded Plaintiff from returning to work with Devereux.

54. Aetna and The Plan misclassified Plaintiff's occupation as Director of Food Services as a light duty job as defined by the DOT.

55. Aetna and The Plan had knowledge that Plaintiff, as Director, was required to, and did, perform the duties of a food service worker, was required to, and did, lift items in excess of twenty (20) pounds, was required to, and did, work in excess of eight (8) hours a day and was required to, and did, engage in substantial standing and walking.

56. Defendants failed to consider Plaintiff's job requirements as Director of Food Service and arbitrarily listed her position of Director as a light duty job despite Defendants knowledge that Plaintiff's duties exceeded such classification.

57. For all the reasons noted herein, Defendants acted arbitrarily and capriciously in terminating Plaintiff's benefits.

58. For all the reasons noted herein, Defendants acted in bad faith in terminating Plaintiff's benefits.

59. For all the reasons noted herein, Defendants decision to terminate Plaintiff's benefits was erroneous as a matter of law.

60. Defendants, in terminating Plaintiff's benefits, failed to conduct a complete and accurate medical review of Plaintiff's medical conditions.

61. Defendants failed to have Plaintiff examined by, or have Plaintiff's medical records reviewed by, a licensed psychologist or psychiatrist.

62. Defendants terminated Plaintiff's benefits in violation of 29 U.S.C. §1132(a)(1)(B).

63. Plaintiff is entitled to LTD benefits pursuant to The Plan retroactive to the date such benefits were terminated.

64. Plaintiff is entitled to attorneys' fees and costs in prosecuting this action as provided by ERISA, 29 U.S.C. §1132(g)(1).

65. Plaintiff has exhausted all internal claims procedures required of The Plan.

Wherefore, Plaintiff respectfully requests that this court enter judgment in favor of Plaintiff as against all Defendants in an amount equal to the long-term disability benefits to which Plaintiff was entitled to receive retroactive to June 6, 2012 with appropriate interest. Plaintiff further requests attorney's fees, costs and such other relief as the Court deems just and appropriate.

Respectfully submitted,

LAMB McERLANE, P.C.

12/11/13
Date

BY: _____
John J. Stanzione, Esq.
Attorney ID No. 41175
Lamb McErlane, P.C.
24 East Market Street
West Chester, PA 19381

Counsel for Plaintiff