IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY PLANK, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | NO.   13-7337 |
| THE DEVEREUX FOUNDATION, | : | |
| THE DEVERAUX FOUNDATION LONG | : | |
| TERM DISABILITY PLAN, and AETNA | : | |
| LIFE INSURANCE CO., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

Plaintiff has petitioned for counsel fees and the court agrees with plaintiff that she did achieve some success on the merits. An application of the well known *Ursic* factors also supports plaintiff's petition.

As to factor one, the offending parties culpability or bad faith. Defendant has never offered an explanation as to why its reclassified plaintiff's own occupation. It simply states that:

> "Aetna re-classified Plaintiff's own occupation based on this DOT assessment. While Aetna acknowledges it had previously accepted Plaintiff's own occupation as medium and had applied that assessment in its initial LTD award findings, the re-classification did not involve any malice or guilty purpose."

There is simply no explanation as to why this re-classification took place, only that it did take place after a vocational rehabilitation consultant's review. It should be mentioned that in the summary judgment decision, defendant addressed the issue as follows:

> Aetna acknowledges this Court may reasonably find that this re-classification, in light of the totality of the circumstances presented, raises a genuine issue as to whether Aetna abused its discretion when it found that Plaintiff was capable of performing the material duties of her own occupation, as re-classified to light duty. Accordingly, Aetna does not seek to call upon this Court to engage in the fact-intensive and time-consuming factual and legal analysis of Aetna's own occupation claim determination.

This is a close issue but the court feels defendant's conduct to be more than mere carelessness.  Secondly, there is no issue as to the ability of defendant to pay the award of fees.

As to the third factor, it is reasonable to believe that an award of attorney's fees might in some small way perhaps encourage the defendant to at least review its procedures to assure they are fair in cases of this nature.  As to the fourth factor, it is difficult to determine the benefit, if any, conferred on members of the plan.  As to the fifth factor, defendant's initial position was without merit, a fact which it conceded for reasons stated in its summary judgment brief quoted above.

No guidance has been offered by defendant as to what amount to award and plaintiff's petition adequately supports the requested hourly rate.  The total time spent in preparing the complaint and summary judgment motion seem excessive and the final order will reflect that.

**AND NOW**, this *16th* day of *March,* 2015, upon consideration of Plaintiff's Motion for Attorney's Fees and Costs, and Defendant's Response thereto, it is hereby **ORDERED** that Plaintiff's Motion (Docket No. 14) is **GRANTED** as follows:

| | |
|---|---:|
| Attorney's Fees | $14,229.00 |
| Costs | 400.00 |
| TOTAL | $14,629.00 |

It is so **ORDERED**.

BY THE COURT:

 *s/ Ronald L. Buckwalter*
RONALD L. BUCKWALTER, S.J.